IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTINA BLACKSHEAR, *et al.,*

       Plaintiffs,

v.     No. CIV 07-648 WPL/LFG

FORD MOTOR COMPANY,
COOPER TIRE & RUBBER CO., et al.,

       Defendants.

### MEMORANDUM OPINION AND ORDER
### DENYING PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff Christina Blackshear's motion to compel Cooper Tire & Rubber Company's ("Cooper Tire") expedited production of unredacted documents. [Doc. 55.] The Court considered the motion and the response in opposition [Doc. 60], and for the reasons stated below, denies the motion.

### Background

This is a product liability case. Plaintiffs' allegations against Cooper Tire and Rubber Co. ("Cooper Tire") center on the design and manufacture of a tire. Plaintiff Christina Blackshear is suing on her behalf and that of her son's estate. Plaintiff's son was traveling through New Mexico when his vehicle was involved in a single car rollover accident that resulted in his death. Plaintiff brought complaints against both Ford Motor Company ("Ford") for alleged product defects in the vehicle and Cooper Tire. Plaintiff alleged *inter alia* that the Cooper tires on the vehicle, at the time of the accident, were defective.

1

On January 2, 2008, the Court issued a Protective Order for purposes of expediting discovery and the exchange of documents among the parties. [Doc. Nos. 46, 48.] In response to Plaintiff's discovery requests, Cooper Tire provided numerous documents regarding the component materials and specifications of its tires. However, Cooper Tire redacted the raw data concerning specific chemical compounds, formulae, and the codes used for those chemicals. Plaintiff objected to these redactions as "unilateral," and moved the Court to compel production of the redacted information, including the chemicals used, their specific amounts and their codes. Plaintiff reasoned that the protective order required transparent discovery and would adequately protect the secret nature of the components Cooper Tire used to make its tires. Plaintiff argued further that it was wrongful for Cooper Tire to have redacted the information from the produced documents.

Cooper Tire responded that: (1) the redactions were specific rather than unilateral as the redacted information applied only to "crown jewel" data like compound formulae, unique to commercial products, that is recognized as privileged; (2) the Protective Order contemplated the possible redaction of trade secret material such as this; (3) Plaintiff did not demonstrate the requisite necessity to overcome the barrier protecting Cooper Tire's formulae; and (4) even if discoverable, Plaintiff's proposed expert is not qualified to give an expert opinion on the chemical compounds.

The Court agrees with Cooper Tire's assertions as to the first three points. The last point, however, is reserved for the trial court's determination as it relates to the production of evidence at the time of trial.

**Analysis**

The Court disagrees with Plaintiff's assertion that Cooper Tire's redaction of the documents was unilateral. Following this Circuit's holding in Australian Gold, Inc. v. Hatfield, the producing

2

party has the burden to establish a trade secret privilege. Australian Gold, 436 F.3d 1228, 1245 (10th Cir. 2006). Cooper Tire was able to meet that burden by submitting the unredacted documents to the Court for an *in camera* inspection. The Court's *in camera* review of the withheld information confirmed that the redactions pertained only to chemical formulae, codes and data concerning the specific composition of materials used in the tire manufacturing process.

New Mexico's Trade Secret Act, defines a "trade secret" as information that derives independent economic value from not being generally known or readily ascertainable. N.M.S.A. 1978 § 57-3A-2(D)(1). Here, the redacted information contains Cooper Tire's proverbial "crown jewels." The redactions apply only to names of specific chemicals and the exact amount of those chemicals Cooper Tire uses to make its tires, as well as codes identifying the chemicals and compounds.

Disclosure of this information even through inadvertence could put Cooper Tire at an economic disadvantage. Each tire manufacturer creates its own composition formula. Chemicals or compounds at certain temperatures will produce the specific tire performance results. In a highly competitive business, access to a competitor's studies and chemical formulae can reduce one's own research and development costs by piggy-backing on a competitor's earlier research, resulting in obtaining an unfair business advantage. Each of the manufacturers touts its own product as superior. Thus, a competitor's access to the product's chemical composition could severely harm the company that developed the formula.

The Court concludes that the information withheld is tantamount to a secret family recipe or any highly guarded "trade secret," i.e., the proverbial "eleven secret herbs and spices" that purportedly set apart Kentucky Fried Chicken products from its competitors' fried chicken. Thus, Cooper Tire's redaction was not "unilateral" but rather, was specific to privileged information.

3

Moreover, the Court granted and entered the Protective Order having contemplated that possible redactions might be made concerning highly sensitive material. The Protective Order was established, as Plaintiff correctly notes, to facilitate the transfer of confidential material under secure conditions. Additionally, however, the Order specifically provides that it does not "preclude the Producing Party's right to: (a) oppose discovery on grounds not addressed under the terms of this Protective Order of Confidentiality . . . . Further, nothing contained in this Protective Order of Confidentiality shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential material sought." [Doc. 48, ¶ 3.] Thus, the Protective Order specifically contemplates that if information sought by one party is deemed privileged by the other, the material would be withheld, as it was here, pending further guidance from the Court as to its discoverability. The Court concludes that Cooper Tire's objections to the inclusion of certain information are sustained as the redactions do not violate the terms of the Protective Order.

Furthermore, even if the Protective Order did not contemplate possible redactions, the Court retains discretion to decide what evidence is privileged and not subject to production. Koch v. Koch Industries, Inc., 203 F.3d 1202, 1238 (10th Cir.), *cert. denied*, 531 U.S. 926 (2000). "The district court must balance the need for the trade secrets against the claim of injury resulting from disclosure." Centurion Industries, Inc. v. Warren Steurer and Associates, 665 F.2d 323, 325 (10th Cir. 1981). After reviewing the unredacted documents, the Court determines that the risk of harm to Cooper Tire outweighs any potential benefit to Plaintiff.

This is especially true as Plaintiff did not convincingly demonstrate the need for Cooper Tire's formulae. Plaintiff stated that her need for the compound formulae was to determine if Cooper Tire cut corners in an attempt to lower manufacturing costs. In other words, Plaintiff would like to

4

determine if a cost-cutting effort implemented by Cooper Tire included the use of lower quality chemicals, which in turn, resulted in a more accident-prone tire. At most, Plaintiff's stated need for the information is nothing more than conjecture or speculation.

However, this argument is not foreclosed to Plaintiff. She can still argue that as a result of cost-cutting measures, Cooper Tire made a less reliable tire, which resulted in her son's accident. Information about cost-cutting or the effects of these cost-cutting measures can be obtained without the need for Cooper Tire's trade secret information. Since the argument still is available to Plaintiff, the Court concludes that revealing the "crown jewel" information about Cooper Tire's compound could cause unnecessary and irreparable harm to Defendant.

For the reasons stated, Cooper Tire is not required to produce the redacted information at issue.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Production of Unredacted Documents [Doc. 55] is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge