IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTINA BLACKSHEAR, *et al.,*

        Plaintiffs,

v.                                                No. CIV 07-648 WPL/LFG

FORD MOTOR COMPANY,
COOPER TIRE & RUBBER CO., et al.,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff Christina Blackshear's "Motion to Compel Cooper Tire Depositions," filed February 21, 2008. [Doc. 64.] The motion is fully briefed. [Doc. Nos. 64, 69, 75, 77.] After careful consideration of the pertinent law and briefs, along with attachments, the Court determines that the motion to compel will be denied; however, Plaintiffs may revisit some of the issues later, should the need arise.

## **Background**

This is a product liability case involving a single vehicle rollover accident, in which Plaintiff Christina Blackshear's ("Plaintiff" or "Plaintiffs") son was killed. The accident occurred in New Mexico where Plaintiff's son was traveling by car. Plaintiff sues Ford Motor Company ("Ford") for alleged product defects in the vehicle and Cooper Tire & Rubber ("Cooper Tire") for alleged design and manufacturing defects in the pertinent tires on the vehicle.

1

## **Plaintiff's Motion to Compel Depositions**

Plaintiff's motion to compel initially asked that Cooper Tire be ordered to produce seven (7) Cooper Tire employees and designated corporate representatives for depositions. In her reply brief, it appears that only 5 of the 7 originally requested depositions are at issue. Cooper Tire agreed to produce Mr. Schroeder for a deposition, and Mr. Baker, according to Plaintiff, "is no longer at issue" since he is now retired. [Doc. 75, pp. 6, 8.] Thus, Plaintiff's motion to compel asks the Court to direct Cooper Tire to produce the following individuals or corporate representatives for depositions: (1) Will Mars; (2) Fed.R.Civ.P. 30(b)(6) witness relative to the capability of the Cooper Tire Specification engineering department to identify all tires with particular compounds using its specification database; (3) George Ouyang; (4) Fed. R. Civ. P. 30(b)(6) witness relative to the Field Return Study report submitted to the tire durability committee; and (5) John Ebert.

Plaintiffs have not yet noticed these five depositions and argue that Cooper Tire has not been cooperative in coordinating dates for the depositions. Similarly, Cooper Tire asserts that Plaintiffs' counsel has not been communicative about previously scheduled dates for certain depositions. The Court makes no comment as to the parties' differences regarding who is less cooperative in this process, but urges all counsel to work together to coordinate the discovery process and to avoid unnecessary motion practice.

Plaintiff argues that the testimony of these individuals is relevant and pertinent to the allegations of failed or defective tires at issue in this case. Plaintiff further asserts that the requested discovery is "essential to proper preparation for trial."

Cooper Tire objects to Plaintiff's request to take the depositions on a number of grounds: (1) Cooper Tire already has offered five corporate representatives for depositions in this case (including one of the original seven listed by Plaintiff) and additional corporate depositions would be duplicative and burdensome; (2) Plaintiff's request to take as many as 6 or 7 depositions of Cooper Tire employees, along with her communication to Ford's attorneys that she may want to take 16 depositions of Ford's current or former employees will exceed the Court's limitation of 15 depositions per side [Doc. Nos. 21, 29]; (3) Plaintiff's motion to compel is improper at this stage of the proceeding because she has not noticed the depositions; and (4) Plaintiff's request to take some of the depositions is purportedly an "end run around" failed attempts to obtain the same deposition testimony in a parallel or similar lawsuit pending against Cooper Tire in New York state court.

## **Discussion**

The Court rejects Cooper Tire's objections based on the number of depositions Plaintiff currently seeks to take and her failure to notice the requested depositions. To date, it appears from the briefing that Plaintiff has taken only one deposition [Doc. 75, p. 2] and that she may have issued notices of deposition for another nine Ford depositions [Doc. 69, p. 2, n. 1]. At this time, Plaintiff has not exceeded the limits imposed by the Court. If she were to need to take additional depositions, she would be required to seek leave of the Court to do so. However, the possibility that she will need to request permission to take additional depositions is not grounds to deny the motion to compel.

Cooper Tire is technically correct that before filing a motion to compel a deposition, a party should have issued the notice of deposition about which there is a dispute and also have attached to the motion to compel the notice of deposition or relevant portion of deposition transcript. *See* D.N.M. LR-Civ 37.1(a). However, under these circumstances, where the parties clearly disagree on

3

who will be produced for depositions, the Court declines to deny the motion to compel on such hyper-technical grounds.

Cooper Tire also argues that the motion to compel should be denied because it already has offered five corporate representatives for depositions in response to Plaintiff's requests. Cooper Tire states that Plaintiffs initially identified nine, wide-ranging topics related to tire design and manufacturing issues for which they wanted corporate representative depositions. [Doc. 69, p. 2.] Cooper Tire agreed to produce Lyle Campbell, Rita Feczer, Steve Cramer, Robert Marshall and Jeff Schroeder. Cooper Tire was producing Mr. Schroeder to testify about tire durability issues.

Based on the parties' briefing, it appears that Plaintiffs initially intended to take these depositions in early to mid-March 2008, but then decided to await a ruling on Plaintiff's motion to compel unredacted documents from Cooper Tire, which was recently denied by the Court. [Doc. 81.] Although Plaintiffs wished to await a ruling from the Court before proceeding with the agreed-upon corporate representative depositions, Plaintiffs also asked Cooper Tire to produce for deposition Will Mars, George Ouyang and John Ebert, along with two other corporate representatives. [*See supra* at p. 2.]

Cooper Tire argues that the depositions of the additional witnesses (Mars, Ouyang, and Ebert) are burdensome and duplicative because they are being requested to discuss the same issue that is the subject of the deposition of Cooper's corporate representative, Jeff Schroeder (tire durability). Cooper Tire proposes, however, that the parties proceed with Mr. Schroeder's deposition to determine if additional information on tire durability will be needed and whether other deponents are able to provide the sought after information.

Based on the information provided by the parties,[1] the Court cannot make a determination whether the proposed depositions of Mars, Ouyang, and Ebert[2] would be unduly burdensome or duplicative of the testimony of Mr. Schroeder. Similarly, the Court is unable to determine, based on the pleadings and attachments, whether "the value of any testimony from these witnesses is outweighed by the expense and burden to Cooper." [Doc. 69, p. 5.] The Court agrees with Cooper Tire's proposal that the deposition of Mr. Schroeder proceed first before addressing this matter further. If Mr. Schroeder's testimony is deemed inadequate on the pertinent topics, the parties may re-visit the issue, first among themselves and then by way of motion, if necessary.

The remaining dispute concerns the proposed depositions of two Rule 30(b)(6) witnesses, as described by Plaintiffs. One such witness is sought to testify about particular compounds in the tires, with respect to Cooper Tire's specification database. To the extent that such a witness would be required to provide information the Court already determined need not be produced because of its "crown jewel" nature [Doc. 81], the Court will not compel Cooper Tire to produce a deponent to

---

[1] The Court acknowledges Plaintiffs' argument that these individuals each have knowledge that is important to Plaintiffs' allegations in the litigation and that Plaintiffs cannot publicly reveal information about these individuals' expected testimony when such information was obtained in the New York state case. The Court further notes Plaintiffs' position that the Court would better understand the relevancy of the testimony of the proposed deponents if it were to review the deposition transcript of Dwayne Eugene Beach who was deposed in the New York state case. At this point, the Court declines to review discovery from another case, particularly when the deposed individual in the New York state case is not being deposed in this case. Instead, the Court will await the outcome of the deposition of Mr. Schroeder to determine whether the issues are resolved. Moreover, Plaintiffs' argument that Cooper Tire produced a witness on tire durability in the New York State who was not prepared to testify on the relevant issues is unpersuasive. Cooper Tire has not designated that same individual to testify on its behalf in this case, and there is no reason to assume, at this stage, that Mr. Schroeder will be unprepared to testify regarding the relevant issues.

[2] The Court agrees with Cooper Tire that if these individuals need to be deposed at some point, Plaintiff should proceed by way of a Fed. R. Civ. P. 45 subpoena since, according to Cooper Tire, the proposed deponents are not officers, directors or managing agents for the company. The Court again acknowledges Plaintiffs' position that these three individuals "easily meet" the definition of a managing agent based on information gleaned from the New York state case. However, should their depositions be necessary, the Court concludes that Plaintiffs must proceed by Rule 45 subpoena.

testify about these matters. After Plaintiffs carefully review the Court's recent Order [Doc. 81], they should make a determination as to whether the Order permits testimony by a corporate representative on the matter(s) described by Plaintiffs in their Motion to Compel. [Doc. 64, p. 5, (¶2).] In addition, after Plaintiffs depose those witnesses Cooper Tire already agreed to produce, they may re-visit this issue in determining whether additional information is needed or whether additional depositions should be requested.

Plaintiffs also ask that Cooper Tire produce a corporate representative to testify about a Field Return Study report submitted to the tire durability committee. [Doc. 64, p. 5 (¶4).] Cooper Tire argues that the study was neither produced in this case nor requested by Plaintiffs in discovery. Thus, Cooper Tire contends it should not be compelled to produce a witness to address a document that is "not involved in this lawsuit." [Doc. 69, p. 3, n. 6.]

Plaintiffs respond, without further explanation, that Cooper Tire's "statement speaks more to the adequacy of [its] disclosure than the relevance of this deposition. has not be disclosed [sic]." [Doc. 75, p. 6.] Plaintiffs then argue that a field return is a customer's return of a product for a defective condition and that a deposition relative to such a report's contents clearly would "possibly lead to the discovery of relevant information."

While that may be true, Plaintiffs do not explain why they did not request the field return or whether they already possess it. Based on the explanations provided, it seems like nothing more than a fishing expedition to require deposition testimony about a field return that Plaintiffs neither describe with any specificity nor apparently possess. Wide-ranging "fishing expeditions," previously authorized by the federal rules, are no longer permitted. Indeed, Rule 26 limits the scope of discovery to the claims and defenses, and parties may not broaden the scope of discovery with the hope of

finding additional claims or causes of action. Fed. R. Civ. P. 26(b)(1), Advisory Committee Notes to 2000 Amendments.

     IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Depositions [Doc. 64] is DENIED, but that Plaintiffs may re-visit some or all of the issues, as needed, after the agreed-upon depositions of Cooper Tire's corporate representatives are taken.

                                                    */s/ Lorenzo F. Garcia*
                                                    Lorenzo F. Garcia
                                                    Chief United States Magistrate Judge